FOOTE, appellant, *v.* NATIONAL MINING CO., respondent.

CONSTRUCTION OF STATUTE — *width of lead — point of measurement.* The proper construction of the act of the Montana legislature, December 26, 1864, contained in the Codified Statutes, 522, § 3, is that the measurement of the *fifty* feet on either side of the *lead*, allowed for working purposes, should begin from the outer walls of the *lead*, on each side, and not from the center of the *lead* itself.

*Appeal from Third District, Lewis and Clarke County.*

GEORGE B. FOOTE, in person, appellant.

CHUMASERO & CHADWICK, for respondents.

WADE, C. J.   The question presented for our determination in this case relates to the width of a mining lode claim under the act of the legislative assembly of December 26, 1864, which act was in force at the date of the location of the claims in dispute. The respondent maintains that the true construction of the statute authorized the location and pre-emption of fifty feet on each side of the lode, in addition to the width of the lode itself, while the appellant insists that in no case under such statute can a lode claim exceed one hundred feet, and that the fifty feet on each side thereof must be measured from the center of the lode.

The statute in question is as follows:   "Sec. 3.   Claims on any lead, lode or ledge, either of gold or silver, hereafter discovered, shall consist of not more than two hundred feet along the lead, lode or ledge, together with all dips, spurs and angles emanating or diverging from said lead, lode or ledge, as also *fifty feet on each side* of said lead, lode or ledge for working purposes." Cod. Sts. 522.

The statute seems unambiguous in its terms, and unless its application to its subject-matter renders it doubtful its interpretation will be easy.

Do the words, "Fifty feet on each side of said lead, lode or ledge," mean fifty feet from the center thereof?

In construing this language regard must be had to what in truth a lead or lode is, and when so tested the problem seems easy of solution and free from doubt.   A lead or lode is not an imaginary line without dimensions; it is not a thing without shape or form, but before it can legally and rightfully be denominated a lead or lode it must have length and width and depth; it must be capable of measurement; it must occupy defined space and be capable of identification.   Before a quartz claim can be legally located, a lead or lode containing gold or silver must be discovered, and before such discovery can be called a discovery, at least one well-defined wall or side to the lode must be found.   What then is a quartz

lode? It is a fissure or seam in the country rock filled with quartz matter bearing gold or silver. This fissure may be wide or narrow; it varies in width from one inch, or even less, to one hundred feet, or much more. The sides of a lead are represented and defined by the walls of the country rock, and these walls must be discovered, and the lead identified thereby, before it can be located and held as a lead. Sides or walls then being necessary to a lead, it follows that a statute giving to the locator fifty feet on each side of a lead for working purposes, must be construed to mean fifty feet from each wall or side of the lead. The fifty feet on each side cannot include any of the lead. If the lead is ten feet wide the location may be one hundred and ten feet in width, being fifty feet on each side of the ten feet occupied by the lead. There is nothing in the statute to require or to warrant the measurement of the fifty feet, to commence at the center of the lead; whether it be wide or narrow the discoverer thereof is entitled to his claim thereon, and fifty feet on each side thereof, and if he was confined to fifty feet on each side of the center of the lead, oftentimes it would occur that he could not receive what he is justly entitled to by virtue of his discovery, for it is sometimes the case that a lead is more than one hundred feet in width.

The answer contained no defense to the action of the plaintiff, and judgment was properly rendered for the plaintiff on the pleadings.

*Judgment affirmed.*