## Moxon, appellant, v. Wilkinson, respondent.

STATUTORY CONSTRUCTION — *act relating to mining claims — record of discovery.* At the trial of this action to determine the right to the possession of certain placer mining ground, M. offered evidence to prove that he made and filed, in the office of the county recorder, a statement of his discovery of the ground. The statute, approved May 8, 1873, provides that this statement shall be made and filed when "any mining claim upon any vein or lode bearing * * * valuable deposits" is discovered. *Held,* that a vein or lode bearing valuable deposits does not include a placer

| 2 | 421 |
| 7 | 458 |
| 8 | 304 |
| 9 | 81 |
| 2 | 421 |
| 15 | 576 |
| 39*1058 |
| 2 | 421 |
| 18 | 350 |
| 2 | 421 |
| 21 | 69 |
| 2 | 421 |
| 23 | 396 |
| 2 | 421 |
| 37 | 149 |

mining claim, and that the discoverer of placer mining ground is not required, by the laws of the Territory, to make or file for record a statement of its discovery.  *Held*, also, that the evidence is inadmissible.

EVIDENCE OF POSSESSION OF MINERAL LAND.  To prove a right to the possession of said ground, M. offered evidence to prove that he dug a ditch after the filing of his adverse claim in the land office, to mine the ground, and that he occupied a dwelling-house and blacksmith shop upon the ground.  *Held*, that the evidence is not admissible, and does not tend to prove that M. possessed the ground as a miner or that it is mineral land.

*Appeal from Third District, Jefferson County.*

THE judgment of nonsuit was entered by WADE, J.

JOHNSTON & TOOLE, for appellant.

The same rule of action is to be followed in acquiring rights to placer mining ground and lode claims.   The court erred in excluding the oral testimony offered by the appellants to show their prior rights to the ground in controversy.   The general sections of the laws of the United States, regulating these rights, are as applicable to placer mines as lead claims.   The appellants' notice and record, filed with the county recorder of Jefferson county, where the mining ground is situate, should have been admitted, there being no district recorder and no mining district.

The instructions issued by the land office have the effect of law.   The applicants for the government title to a placer mining claim must comply with them.   Courts will regard these instructions and enforce them.   Sts. Ex. Sess. 1873, 83, § 1; act of congress for development of mineral resources of the United States, approved June 10, 1872, and instructions of Land Commissioner Hon. Willis Drummond.

CHUMASERO & CHADWICK, and SHOBER & LOWRY, for respondent.

There was no statute of the Territory or United States providing for the record in the recorder's office of Jefferson county. Such a record was a void act, and could not give constructive notice to any parties.   Cod. Sts. 400, §§ 23, 24, 25.   Constructive notice, by recording, is wholly a creature of the statute.   A record not provided for by statute gives no notice.   *Mesick* v.

*Sunderland*, 6 Cal. 315; *Stansell* v. *Roberts*, 13 Ohio, 148; *Chamberlain* v. *Bell*, 7 Cal. 294.

The acts of congress relating to lode claims and the instructions of the land commissioner, relied on by appellants, are inapplicable to placer claims. The legislature has not provided that a record shall be made of the location of placer claims. Appellants could only procure the government title by making the proper filing in the United States land office. 2 Washb. Real Prop. 520.

The house and blacksmith shop were placed upon the premises to carry on a trade, and not mine the same. The ditch was dug after the filing of the adverse claim. The court properly excluded testimony relating to these improvements.

BLAKE, J. This action is brought to determine the right of possession to a tract of placer mining ground in Jefferson county, upon the surveyed subdivisions of the public lands of the United States. It is admitted, by the pleadings, that the respondents made their application to enter the premises in the United States land office at Helena, within the Territory, and that the appellants filed their protest and adverse claim. At the trial, the court excluded certain evidence offered by the appellants, and sustained the motion of the respondents for a nonsuit. We are asked to review this ruling.

The appellants allege, in their amended complaint, that they had and held their title and possession under the " rules, customs and usages of the miners in the district where said land is situated, and of the laws of the United States and of the Territory of Montana applicable thereto." The respondents deny these allegations in their answers. Did the testimony produced by the appellants tend to establish their material averments?

No evidence was offered tending to prove that the appellants had or held the property in controversy by virtue of any rules, customs or usages of any miners. On the contrary, the appellants testify that the ground in dispute is not in any mining district, and that there are no mining laws or customs governing its use or possession.

The appellants offered evidence for the purpose of proving that they made a record of the discovery of the premises in the office of the recorder of Jefferson county. It appears that no other record has been made by the appellants. This evidence was rejected by the court. The appellants maintain that the act of the legislative assembly, "providing for the location and recording of mining claims on veins or lodes," approved May 8, 1873, is applicable to placer mining ground. Sts. Ex. Sess. 1873, 83. If this proposition is correct, the record should have been admitted. This act requires a person to make, and file in the office of the county recorder, a statement of the discovery of "any mining claim, upon any vein or lode, bearing gold, silver, cinnabar, lead, tin, copper, or other valuable deposits." § 1. The technical words contained in this clause must be construed according to their peculiar and appropriate meaning. Cod. Sts. 389. In the language of miners, a lode is a vein containing ore. Veins are narrow plates of rock intersecting other rocks, and are the fillings of cracks or fissures. The placers are superficial deposits, which occupy the beds of ancient rivers or valleys. This name was given by the Spaniards to the auriferous gravels of America. Dana's Geology; Simonin's Underground Life. A vein or lode of "valuable deposits" does not include a placer mining claim. This act was adopted as a substitute for the statute which prescribed the manner of locating and pre-empting quartz lodes or veins. We cannot infer from the language of the amended act that the legislative assembly intended to affect placer mining claims, a subject on which the law-makers appear to be silent. There is no law of the Territory which requires the discoverer of a placer mining claim to make or file for record a statement respecting it. The instrument purporting to be a record of the ground in dispute, by the appellants, was not made and filed under the laws of the Territory, or the United States, and could not be a legal notice of their rights to the respondents. It was not a link in the chain of their title, and the court properly excluded it as incompetent evidence. *Mesick* v. *Sunderland*, 6 Cal. 315, and cases there cited.

In legislating upon these matters, congress has recognized the distinction between lodes or veins of quartz and placer claims. The

possessor of the former could procure the title of the United States a number of years before it was legal to grant a patent for the latter. The act was amended by providing that "claims, usually called 'placers,' including all forms of deposit, excepting veins of quartz, or other rock in place," shall be subject to entry. Rev. Sts. U. S., § 2329. A vein or lode may be embraced by a placer claim, and the eleventh section of the act approved May 10, 1872, defines the proceedings which are necessary for the adjustment of the rights of the parties in the possession of the same. Id., § 2333. The appellants did not offer any evidence that they had complied with the statutes of the United States relating to placer claims.

There is no testimony showing that any "valuable deposits" have been discovered upon the ground in controversy, or that any persons worked, improved or possessed the premises as a mining claim before this action was commenced. It does not appear that this tract is not agricultural land. The appellants offered to prove that they dug a ditch and made improvements, for the purpose of mining the ground, after the bringing of the suit. The rights of the parties to the possession of the property at or prior to the time that the appellants filed their adverse claim in the land office, cannot be determined by the subsequent acts of the appellants. The court did not err in refusing to allow testimony concerning these facts to be introduced.

It is claimed that the court erred in excluding the evidence of one of the appellants, showing that he had upon the premises a house, in which he lived, and a blacksmith shop. These improvements appear to have been made for the purpose of carrying on a trade. The character of the possession, which the appellants seek to prove by this testimony, is not consistent with the title which they are trying to maintain in this proceeding. The construction of the house and shop does not tend to show that this appellant possessed the land as a miner, or that it is mineral ground. Conceding the facts to be stated correctly by the appellants, we do not think that they impair the rights of the respondents, or any persons claiming the property for mining purposes.

The appellants failed to prove the material allegations of their complaint, that their possession is under the rules and customs of

the miners in the district containing the placer claim and the laws of the Territory and the United States, and it was the duty of the court to grant the motion for a nonsuit.

*Judgment affirmed.*