## CENTRAL RAILROAD COMPANY *v.* BOURBON COUNTY.

ORIGINAL MOTION IN A CAUSE PENDING IN ERROR TO THE COURT OF APPEALS OF KENTUCKY.

Submitted January 25, 1886.—Decided February 1, 1886.

Cases in which the execution of a State revenue law has been enjoined or stayed, will be advanced only on motion of the State, or of the party claiming under the law, and on proof that the operations of the State government will be embarrassed by the delay.

This was a motion to advance, founded upon the following allegations:

" That said action was brought for the recovery of alleged delinquent taxes assessed and levied by the State Board of Equalization of Kentucky upon that part of the Kentucky Central Railroad which is in Bourbon County in said State. The assessments were made under and by virtue of an Act of the General Assembly of the Commonwealth of Kentucky, approved April 3, 1878, and entitled ' An act to prescribe the mode of ascertaining the value of the property of railroad companies for taxation, and for taxing the same.'

" Under said act taxes were assessed and levied for and by every city, town, and county through, or into which the Kentucky Central Railroad extends; and many suits, other than this, have been brought and are pending in the courts of Kentucky to collect said alleged taxes from the plaintiff in error. Of course the assessments are constantly accumulating, and so are the suits. This is one of the series of suits. It was brought in the Bourbon Circuit Court, where judgment was rendered against the plaintiff in error; on appeal, that judgment was affirmed by the Court of Appeals of Kentucky, and on writ of error, the case has been brought here. The determination of the many suits that have been and are being brought is dependent upon the decision of this court in this case.

" All the cases involve the same questions of constitutional law. *First:* It is maintained that the Kentucky Central Railroad and its appurtenances are exempt from taxation by cities, towns, and counties and for any local purpose, by reason of a contract contained in the charter of the plaintiff in error, that limits the exercise of the power of taxation as against the plaintiff in error and its said property; that the act of April 3, 1878, impairs the obligation of said contract, and is in conflict with the Federal Constitution; that consequently the alleged taxes sued for in this action, and in the numerous other like actions, have no legal basis and are void. *Second:* The contract contained in said charter limits taxation of plaintiff in error and its said property for State revenue purposes to a specified tax on every one hundred dollars of capital stock of the corporation.

The act of April 3, 1878, attempts to authorize, for purposes of State revenue, the laying of a greater tax, and in a different mode and manner than said contract permits; and, therefore, said act is, as to plaintiff in error, null and void because it is violative of the Federal Constitution.

" The delay in the settlement of these questions affects to a material extent the collection of State revenue by the Commonwealth; very largely affects and impedes the fiscal operations of all the cities, towns, and counties through or into which the Kentucky Central Railroad extends; and oppresses the plaintiff in error, and deranges its business."  " Counsel for defendant in error makes no objection to this motion, nor does the Attorney-General of Kentucky."

*Mr. J. G. Carlisle*, on behalf of *Mr. J. W. Stevenson*, for plaintiff in error submitted the motion.

No one opposing.

MR. CHIEF-JUSTICE WAITE delivered the opinion of the court.

This motion is denied. Cases in which the execution of the revenue laws of a State have been enjoined or stayed are only to be advanced on motion of the State or the party claiming under such laws. Rev. Stat. § 949. Here the motion is made by the party taxed, and the suit is by the county claiming under the tax laws for the recovery of a tax. Inasmuch as the county does not move we cannot presume that " the operations of the government of the State will be embarrassed by delay." Under the rule announced in *Hoge* v. *Richmond & Danville Railroad Co.*, 93 U. S. 1, it must be shown that such will be the effect of delay before a case will be advanced, even on motion by the State or those claiming under it.

*Motion denied.*