## UNITED STATES, APPELLANT, *v.* KING ET AL., RESPONDENTS.

CANCELLATION OF PATENT — *Pleading.* — Under section 2325, Revised Statutes of the United States, the certificate of the surveyor-general is evidence of the sufficiency of the work performed and improvements made upon a mining claim in his State; and in an action to annul a patent it is error to strike out of the answer an averment that the surveyor-general for Montana took the evidence required by law, and decided that the defendants had performed work and placed improvements upon the claim of the value of five hundred dollars.

MINING CLAIM — *Evidence.* — Where the complaint in such action alleged in substance that the patentees did not discover any mineral lead, ledge, or vein of rock in place, bearing gold or other metals, and the evidence is conflicting upon the point, proof that the claim was deemed valuable for mining purposes was held sufficient, and the patentees were not obliged to show that there was a reasonable probability of the claim becoming a source of profit to constitute a mine within the meaning of the statute.

*Appeal from Second Judicial District, Silver Bow County.*

The cause was tried before Galbraith, J., at the December term, 1887. There was a general verdict and special findings submitted to the jury, and the findings were for the United States. A decree was drawn in accordance therewith, cancel-ing the patent to the Hesperus lode. The plaintiff appeals from an order of De Wolfe, J., at the May term, 1888, grant-ing a new trial.

*Robert B. Smith,* United States Attorney, and *W. Y. Pember-ton,* of counsel, for Appellant.

The granting or refusing of a new trial is a matter in the discretion of the trial judge. Especially is this true where the evidence is conflicting. (*Chauvin* v. *Valiton,* 7 Mont. 584.) But we apprehend that this statement and the opinion above cited ought to be taken *cum grano salis.* We do not believe that it was intended by the court in the above opinion to say that in a chancery case, where the judge made and adopted his own findings, and where he was not bound by the findings of the jury, that his successor, or any other judge, ought to grant a new trial on the facts where the evidence is conflicting. The true rule is laid down in *Orr* v. *Haskell,* 2 Mont. 225.

If the complaint was defective in not showing that the action was brought by the authority of the attorney-general the respondents should have pointed out the defect in their demurrer, or else have demurred for want of proper parties, under the fourth subdivision of section 87, Code of Civil Pro-cedure. If the action should not be brought except on the order of the attorney-general, this authority was shown on motion for new trial, and can be shown on appeal. (*United States* v. *Western Pacific R. R. Co.* 108 U. S. 510, 511.)

The United States government can maintain an action to cancel its own patent where it is charged that the patent was procured by fraud, notwithstanding the fact that the officers of the interior department or the general land office have passed upon the proof adduced on the application. (*Moffat* v. *United States,* 112 U. S. 24.)

There was no error in the instruction given by the court,

defining what class of lands is patentable as mineral land. (*Deffeback* v. *Hawke*, 115 U. S. 392.)

*W. W. Dixon*, and *William Scallon*, for Respondents.

A patent, even if it be obtained by fraud, conveys the legal title, and grantees of patentees also take such title. (*Smelting Co.* v. *Kemp*, 106 U. S. 447; *United States* v. *Minor*, 114 U. S. 241; *Colorado & I. Co.* v. *United States*, 123 U. S. 307.) If *bona fide*, patent cannot be canceled. (*United States* v. *Minor*, *supra*; *Colorado & I. Co.* v. *United States*, *supra*; *United States* v. *Marshall M. Co.* 129 U. S. 579, in fine.)

The complaint is insufficient in that it does not allege any tender of the purchase money, or offer to return it. The defendants in their fifth defense averred that no offer had been made to return the amounts paid out by them in procuring the patent and the purchase of the land, nor had any demand been made for the surrender of the property. The court erred in striking out the defense. (*United States* v. *White*, 17 Fed. Rep. 561, and cases cited; *United States* v. *San Jacinto Tin Co.* 125 U. S. 273.) The decision in *United States* v. *Minor*, 114 U. S. 241, does not affect the principle as applied to the case at bar; for it rests entirely on section 2262 of the Revised Statutes of the United States.

The complaint does not allege any imposition on the surveyor-general's office, nor any collusion with the officers of plaintiff, but charges imposition upon the register and receiver by means of the affidavits alleged, admitting the filing of the papers required by law. The surveyor-general's certificate is therefore conclusive. (*United States* v. *Iron Silver Co.* 128 U. S. 685.)

The complaint should show the authority of the attorney-general for the action. (*United States* v. *Throckmorton*, 98 U. S. 68; *United States* v. *San Jacinto Tin Co.* 125 U. S. 273.)

A patent cannot be set aside where the evidence is conflicting, or where there is a preponderance merely. (*United States* v. *Maxwell Land Grant Co.* 121 U. S. 325; *Colorado Coal and Iron Co.* v. *United States*; *United States* v. *San Jacinto Tin Co.*; *United States* v. *Marshall M. Co.*, and *United States* v. *Iron Silver Co.*, already cited.)

The claim of appellant is, that to be open to location or

patent, a vein must actually be shown up to be of sufficient extent and value for profitable mining. In other words, that a mine must be discovered. This is clearly erroneous. (*Iron Silver Co.* v. *Cheesman*, 116 U. S. 529; *North Noonday Co.* v. *Orient Co.* 9 Morrison, 529; 6 Sawy. 299; *Stevens* v. *Gill*, 1 Morrison, 576; *Foote* v. *National M. Co.* 2 Mont. 402; *Harrington* v. *Chambers*, 3 Utah, 94.)

BLAKE, C. J. — The jury in this case returned a general verdict and special findings, which were approved and adopted by the court, and a decree was entered accordingly. A motion for a new trial was heard and sustained by the successor of the judge who tried the cause, and from this order the appeal has been taken. The action was commenced for the purpose of canceling and annulling a patent which had been issued by the United States to the respondents for the "Hesperus" lode mining claim. The complaint alleges, in substance, that the respondents did not discover any mineral lead, ledge, or vein of rock in place bearing gold or other metals, and did not perform labor or make any improvements on the Hesperus Claim of the value of $500. These constituted the main issues upon which the testimony was introduced. The transcript does not contain the reasons which influenced the action of the court below, but we have no difficulty at arriving at our decision. The highest court of the land has clearly defined the legal principles which govern this action. In *Maxwell Land Grant Case*, 121 U. S. 381, Mr. Justice Miller delivered the opinion, and said: "We take the general doctrine to be that when, in a court of equity, it is proposed to set aside, to annul, or to correct a written instrument for fraud or mistake in the execution of the instrument itself, the testimony on which this is done must be clear, unequivocal, and convincing, and that it cannot be done upon a bare preponderance of evidence which leaves the issue in doubt. If the proposition as thus laid down in the cases cited is sound in regard to the ordinary contracts of private individuals, how much more should it be observed where the attempt is to annul the grants, the patents, and other solemn evidences of title emanating from the government of the United States under its official seal. In this class of cases, the respect due to a patent, the

presumptions that all the preceding steps required by the law had been observed before its issue, the immense importance and necessity of the stability of titles dependent upon these official instruments, demand that the effort to set them aside, to annul them, or to correct mistakes in them, should only be successful when the allegations on which this is attempted are clearly stated, and fully sustained by proof. It is not to be admitted that the titles by which so much property in this country and so many rights are held, purporting to emanate from the authoritative action of the officers of the government, and, as in this case, under the seal and signature of the President of the United States himself, shall be dependent upon the hazard of successful resistance to the whims and caprices of every person who chooses to attack them in a court of justice; but it should be well understood that only that class of evidence which commands respect, and that amount of it which produces conviction, shall make such an attempt successful." This doctrine has been affirmed in other cases. (*Colorado Coal Co.* v. *United States,* 123 U. S. 307; *United States* v. *San Jacinto Tin Co.* 125 U. S. 273; *United States* v. *Iron Silver Mining Co.* 128 U. S. 673; *United States* v. *Marshall Mining Co.* 129 U. S. 579.) In *Colorado Coal Co.* v. *United States, supra,* Mr. Justice Matthews, in commenting upon the language of Mr. Justice Miller, *supra,* says : "It thus appears that the title of the defendants rests upon the strongest presumptions of fact, which, although they may be rebutted, nevertheless can be overthrown only by full proofs to the contrary, clear, convincing, and unambiguous. The burden of producing these proofs, and establishing the conclusion to which they are directed, rests upon the government."

The evidence is before us, and fails to be of the quality that is required upon the questions in dispute of the United States in similar proceedings. Since the trial of this case in the court below, the decision in *United States* v. *Iron Silver Mining Co. supra,* was announced, and eliminated the issue respecting the value of the labor and improvements upon the Hesperus Claim. This seems to have been the main ground relied on by the government; and while the testimony is conflicting, the jury found such value to be the sum of $377. The opinion by Mr. Justice Field is so plain as to render needless any further examination,

and we cite this excerpt: "The sufficiency of the work performed and improvements made upon each of the claims patented was shown by the certificate of the surveyor-general of the United States for the State in which the claims are situated. The statute makes his certificate evidence of that fact. (Rev. Stats. § 2325.) . . . . He was fully informed of the character and value of the labor performed, and improvements made, through his deputy, who had personally examined them, and estimated their cost, and also secured affidavits of others on that subject. Their sufficiency, both as to the amount and character, were matters to be determined by him from his own observation, or from the testimony of parties having knowledge of the subject; and in such cases, where there are no fraudulent representations to him respecting them by the patentee, his determination, unless corrected by the land department before patent issues, must be taken as conclusive. His estimate here, in both particulars, was subject to be examined by the department before the patents were issued; and any alleged error in it cannot afterwards be made ground for impeaching their validity." There is no testimony that the patentees in this case made any misrepresentations to the officers of the United States. On the contrary, the answer sets forth that the surveyor-general of the United States for Montana took the evidence required by law, and considered the affidavits of the surveyors, chainmen, and other officers, and also of disinterested witnesses, and decided that the respondents had performed work and placed improvements upon the Hesperus Claim of the value of at least $500. The court sustained the motion of counsel for the appellant to strike out this averment as being immaterial; and it is now apparent from the recent decision of *United States* v. *Iron Silver Mining Co. supra,* that this ruling was erroneous.

It will be seen from a slight investigation that the evidence upon the remaining issue is not "clear, convincing, and unambiguous" for the United States. The complaint alleges that the tract in controversy, before the location of the Hesperus Claim, "was vacant mineral lands of the United States." Michael Hickey filed an adverse claim during the period when the application of the respondents for a patent was being advertised; and among other findings by the jury is one that a min-

eral-bearing quartz vein was discovered by King *et al.* within the boundaries of the Hesperus Claim.   There was also a contest with the owners of the Yellow Jack Claim; and one of the witnesses for the appellant stated, on cross-examination, "I have jumped this ground for a quartz claim."   These facts tend to prove that the Hesperus Claim was deemed valuable for mining purposes.   It is not necessary to analyze the testimony, but it is sufficient to say that there is a substantial conflict upon this subject.   The jury evidently acted upon the theory—which some expressions in the instructions appear to support—that the respondents were obliged to show that there was a reasonable probability that the Hesperus Claim would become a source of profit to constitute a mine, within the meaning of the statute. This matter is no longer debatable.   In *Iron Silver Mining Co.* v. *Cheesman,* 116 U. S. 538, a charge of the court below was approved that embodied this definition: "On the other hand, with well-defined boundaries, very slight evidence of ore within such boundaries will prove the existence of a lode.   Such boundaries constitute a fissure; and if, in such fissure, ore is found, although at considerable intervals, and in small quantities, it is called a 'lode' or 'vein.'"   (See, also, *Moxon* v. *Wilkinson,* 2 Mont. 424; *Foote* v. *National Mining Co.* 2 Mont. 402; *Freezer* v. *Sweeney,* 8 Mont. 508; *Overman Mining Co.* v. *Corcoran,* 15 Nev. 147; *North Mining Co.* v. *Orient Mining Co.* 6 Sawy. 299.) When these authorities are applied to the evidence in the record, the result will be unfavorable to the appellant.   The order of the court in sustaining the motion for a new trial is affirmed, with costs.

LIDDELL, J., and BACH, J., concur.