MURPHY ET AL., *v.* CANNON ET AL., HAYES, INTERVENOR, APPELLANT.

[Submitted June 4, 1896. Decided June 8, 1896.]

INTERVENTION—*Dismissal of complaint—Foreclosure.*—A complaint in intervention, filed in an action to foreclose a mortgage upon city lots, in which the intervenor alleged title to certain of the lots included in the mortgage which had been conveyed to him by the mortgagor prior to the mortgage, is properly dismissed, where, after the filing of the complaint in intervention the plaintiffs amended their complaint so as to exclude the lots in controversy, since the intervenor had then no further interest in the matter in litigation.

SAME—*Same—Parties.*—It is no objection to the dismissal of the complaint in intervention in such case that the intervenor was entitled to a judgment requiring the mortgagor to file with the county clerk and recorder a plat of a proposed addition to the city including his lots as demanded in the complaint, where the city and county would be interested in the filing of such a plat and were not parties to the action.

*Appeal from First Judicial District, Lewis and Clarke County.*

FORECLOSURE of mortgage. The intervenor's complaint was dismissed by BLAKE, J. Affirmed.

*E. C. Russell,* for Appellant.

DE WITT, J.—The plaintiffs brought this action against the defendants to foreclose a mortgage. W. H. Hayes, by leave

of the court, filed a complaint of intervention. He set up that he was the owner of certain lots which were included in the mortgage, and that said lots were deeded to him by the mortgagor, Cannon, prior to the mortgage, and that the lots were described in the deed as in an official plat to be filed, and that the plat had not been filed in the office of the county recorder. The relief which he demanded was that the mortgagees take nothing as to said property of the intervenor, and that the mortgagor be required to file in the office of the county clerk and recorder a plat of a certain proposed addition to the city of Helena, which included the land of the intervenor. Thereupon the plaintiffs amended their complaint, and excluded from their demand of foreclosure the land of the intervenor. The court then dismissed the complaint in intervention. The intervenor appeals.

In order to allow a complaint in intervention, it must appear that the person proposing to intervene has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. (Code of Civil Procedure, 1887, § 24.) When the land of the intervenor was by amendment of the complaint excluded from the demand for foreclosure, the intervenor had no further interest in the litigation. But he now contends that he is entitled to a judgment requiring the mortgagor to file a plat of the addition to the city of Helena, including his lots. But that has nothing to do with the cause of action. The cause of action was simply to foreclose the mortgage. And, furthermore, the city of Helena and the county of Lewis and Clarke are interested in the filing of such plats, as the same must be approved by the city and county authorities. (§§ 2033, 2034, Compiled Statutes, Fifth Division; 16th Session Laws, 1889, page 228.) But the city or the county is not a party to this litigation. The appellant says, however, if the mortgagor cannot file an official plat in the office of the county recorder, he can at least file a plat or map of the proposed addition. But if such plat or map is not filed officially, and under the requirements of the law, it is not a record, and would be useless for any purpose. (*Moxon* v.

*Wilkinson*, 2 Mont. 421; *Flick* v. *Mining Co.*, 8 Mont. 304; *Ditch Co.* v. *Henry*, 15 Mont. 576.)

It does not appear that the intervenor has any interest in this litigation. (Code of Civil Procedure, 1887, § 24.) He was dismissed without prejudice, and if he has any cause of action against the mortgagor for reformation or correction of his deed that remedy is left to him in another action.

The judgment of the district court entered pursuant to the dismissal of the intervenor's complaint is affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs. HUNT, J., being disqualified in this case, does not participate in this decision.