## OLIPHINT v. ECKERLEY.

1. MORTGAGE:  *Renewing note is not payment.*
   As between the parties, the renewal of a note secured by a mortgage is not payment, and in the absence of some agreement or a plain manifestation of a contrary intention, the security remains intact.

2. SAME:  *Mortgageable estates.*
   In equity not only vested remainders but contingent future interests may be conveyed or mortgaged.

3. BANKRUPTCY:  *Does not discharge liens.*
   Specific liens are not discharged by bankruptcy. They may still be enforced, but a personal judgment can not be rendered against the bankrupt.

APPEAL from *White* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*T. J. Oliphint,* for appellant:

Court erred in overruling the demurrer as to Oliphint. *Adams et al. v. Stilwell,* 29 *Ark.*

The discharge of Oliphint in bankruptcy, discharged the debt, and it would not revive as a lien upon after-acquired

Oliphint v. Eckerley.

property.   *Bailey v. Moore*, 21 *Ill.*, 165 ; *Peck v. Jennings*, 7 *Howard*, 613.

The deed no estoppel, as the mortgagee knew of the true state of the title. 3 *Wash. on R. Prop., pp.* 72, 76. The title not being in use, did not pass without covenant of warranty.   *Jackson v. Wright*, 14 *John.*, 193 ; *Dart v. Dart*, 7 *Con.*, 252 ; 2 *Smith's Lead. Ca.*, 624 ; *Simms v. Skein*, 3 *Pickering*, 52 and 61 ; *Blouchard v. Brooks*, 12 Pick., 47 ; *Bispham's Eq.*, sec. 289.

Nothing, at law, not in possession nor vested in right, can be granted or assigned.   *Co. Lit.*, 265 ; 3 *Wash. on R. Prop., p.* 87.

*J. W. House*, for appellee :

The after acquired title passed to the mortgagee.   5 *Ark.*, 693 ; 15 *ib.*, 73 ; 27 *ib.*, 61 ; *Jones on Mortgages, vol.* 1, *secs.* 561, 679, 825.   Substitution of note no discharge of the lien.   1 *Hilliard on Mortgages, pp.* 482 and 483 ; 1 *Jones on Mortgages*, sec. 355 ; 2 *do.*, secs. 924 and 942 ; 8 *Am. Dec.*, 282 and 538.

### STATEMENT.

Eakin, J.   Eckerley sued Oliphint and wife, to foreclose a mortgage made by them of certain real property, on the twenty-ninth of May, 1873, to secure a debt, evidenced by Oliphint's note for $1,002.20 of even date with the mortgage, due January 1, 1874; showing, further, that this note had been renewed by Oliphint on the twenty-third of January, 1874, by the execution of another note for the same amount, payable January 1, 1875, with the same rate of interest to be calculated from the date of the first note. There was the usual prayer for judgment, sale of lands, etc.

A demurrer, as to Oliphint, was overruled.   No further

proceedings were had against his wife, who had died; and her heirs were not brought in.

Oliphint answered, denying that he had any interest in the property when the mortgage was made, saying that it had been the sole and separate property of his wife, limited to himself at her death; exhibiting the conveyance under which she held, and alleging the death of his wife on the twenty-third day of July, 1876, at which time, he says, all his right accrued.    Also, that, before that time, he had been adjudged a bankrupt on the twenty-eighth of June, 1876, and had received his discharge on the eleventh of October following.    To this answer a general demurrer was sustained, and defendant failed to answer further.

The court proceeded, upon the bill and exhibits, to render the usual decree of foreclosure, without any personal decree against defendant for any balance.    The lands were sold for an amount less than the debt, and purchased by complainant.    Defendant appealed.

### OPINION.

The demurrer to the complaint, so far as Oliphint was concerned, was properly overruled.    As between the parties, renewal is not payment; and in the absence of some agreement, or plain manifestation of a contrary intention, the securities remain intact.    Equities of innocent parties, who become subsequent incumbrancers, under the *bona fide* belief that the first debt was discharged are not here concerned.

7. MORTGAGE: Renewing note is not payment.

The demurrer to the answer should not have been sustained.    It showed no defense against the foreclosure, for it has long been too well settled for argument, that, in equity, not only vested remainders, but contingent future interests may be conveyed or mortgaged.    But the discharge was a good answer to the complaint, so far as it

2. ———: Mortgageable estates.

claimed a personal decree. The debt was released, although the interest in the security remained with the creditor for all the fruits it might yield. Specific liens are not divested by bankruptcy. The computation of the debt was necessary to ascertain its extent, but gave no right to a decree for payment to be enforced by execution, or any otherwise, against other property. The answer was good *pro tanto*, as a partial defense, and saved all from the sweeping effect of a general demurrer.

*3.  BANK-*
*RUPTCY:*
*Does not*
*discharge*
*liens.*

Still, no harm ensued from the error. The decree was confined to the enforcement of the lien, and, upon the whole record, is right.

Let it be affirmed.

SUPPLEMENTAL OPINION (*on motion for reconsideration*).

Appellant, on motion for a reconsideration of the opinion heretofore delivered, calls the attention of the court to the deed exhibited with his answer, by which he obtained all the interest he had in the land when it was mortgaged; and from which, if it were properly before us, it would appear that the land had been conveyed to the wife of appellant in her own right, absolutely, with a condition that if it should not be sold by her, or in some way disposed of before her death, then the title should vest in appellant.

He urges upon the court that, whilst a mere contingency may be mortgaged, in equity, yet the lien does not actually attach until the contingency happens. That in this case his discharge in bankruptcy intervened between the execution of the mortgage and the happening of the contingency upon which his interest vested; that it was, therefore, *after-acquired* property, and free from his debts.

We can not look to exhibits, made as evidence, in questions arising on demurrer. The answer does not make the

Oliphint v. Eckerley.

case of a contingent, but vested remainder, and although the demurrer was improperly sustained, yet the decree gives the defendant the benefit of every defense made by his answer.

But upon principle and authority we would not hold the point good if there had been a hearing. After-acquired property of a bankrupt, is discharged from liability for prior debts, and can not be taken in execution for them; but this does not apply to mortgages of contingent interests *made on valuable consideration*, any more than to mortgages of vested interests. The theory upon which these mortgages are sustained upon property to be afterwards acquired, or afterwards coming into existence, is that the equity for a lien attaches *eo instanti* when the property vests or comes into existence, and the right to this prospective equity is a sort of equitable property, which, *if given upon valuable consideration*, is not revocable—making a specific lien in equity as effectually as if created at law. It is evident that upon its vesting, or coming into existence, subsequently to the discharge in bankruptcy of the grantor, the property comes with the lien, and is only vested *sub modo* in the discharged bankrupt. He gets the property with the lien upon it, and it is that interest which he gets, that is freed from all debts that might have been proved in the bankrupt proceedings.

Overrule the motion for reconsideration.

EAKIN, J.