[No. 9728. Department Two. — June 3, 1885.]

WALTER D. STEPHENSON, ADMINISTRATOR OF THE ESTATE OF ELI W. HAWKINS, DECEASED, APPELLANT, *v.* P. B. HAWKINS ET AL., RESPONDENTS.

CANCELLATION OF INSTRUMENT—WANT OF CONSIDERATION.—A written instrument will not be cancelled on the mere ground of want of consideration, where there is no evidence tending to prove that it was obtained by misrepresentation or executed by mistake.

ID.—EVIDENCE—DECLARATIONS OF DECEASED PERSON.—Declarations by the plaintiff's intestate, the maker of the instrument, after he had executed the same, *held*, inadmissible to prove such misrepresentation or mistake.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*W. P. Gardiner, Blackstock & Shepherd,* and *W. D. Gould,* for Appellant.

*Albert M. Stephens,* and *Williams & Williams,* for Respondents.

SHARPSTEIN, J.— The plaintiff as administrator of the estate of Eli W. Hawkins, deceased, alleges that he in his lifetime was induced to enter of record in due form the satisfaction of a mortgage executed by the defendants P. B. Hawkins and Arnold upon certain real estate, of which they were the owners, to secure the payment of their promissory note to said intestate, by the agreement of said mortgagors that defendant P. B. Hawkins

should convey his interest in said promissory note to defendant Arnold, and he to defendant Adaline Hawkins, and she to the defendants Edward Hawkins, Effie Hawkins, and Eli Hawkins, minor children of said intestate, to be held by them in trust for him. The several conveyances were made, but that from defendant Adaline to said minor children conveyed the property to them absolutely and not in trust for said intestate. And the conveyance from defendant Arnold to said defendant Adaline, who is and at the time of the execution of said deed was the wife of said defendant P. B. Hawkins, expresses on its face a consideration of one dollar.

It is alleged that the sole consideration for releasing the mortgage was the agreement of the defendants P. B. Hawkins and Arnold that the legal title to the property, by the circuitous method above stated, should be vested in intestate's said minor children, to be by them held in trust for him. And that said agreement was not carried out. Appellant's insistence is that the conveyance is in terms absolute; and does not convey any title whatever, because the conveyance from defendant Arnold to defendant Adaline, the grantor in said deed to said minors, expresses a valuable consideration, which, she being a married woman at the time, vested the title in the community. And it is alleged in the complaint that said defendants P. B. Hawkins and Arnold falsely and fraudulently represented to said intestate that the deed of said defendant Adaline to said minors conveyed a perfect legal title to them in trust for him, and that on the faith of that representation he released said mortgage. Therefore the plaintiff prays to have said release cancelled, and for a judgment of foreclosure of the mortgage.

The infant defendants by their guardian deny in their answer all the allegations upon which the plaintiff bases his claim to have the release of the mortgage cancelled. And after the plaintiff had introduced his evidence upon the issues so raised and rested, the court on motion of defendant granted a nonsuit. Plaintiff moved, on a statement, for a new trial, which was denied; and from that order this appeal is taken.

There is no evidence tending to prove that any misrepresentations were made to the intestate, or that he did not know the exact character and effect of the several deeds executed in con-

sideration of his releasing his mortgage on the premises. One witness who was present at the negotiation testified that the only consideration for the release of the mortgage was "the deed of Adaline Hawkins executed to the children."

Conceding that the evidence shows that no part of the sum claimed to be due on the mortgage was ever paid, we discover no evidence which would justify any court in finding that the release was obtained by misrepresentation, or executed by mistake. In the absence of any such evidence the release cannot be avoided on the simple ground of want of consideration. It does not appear that the consideration was not just what all the parties contemplated, and the evidence introduced by plaintiff tends to prove that it was.

Evidence of declarations made by intestate after he had executed the release was clearly inadmissible, and it was not error to strike it out after it had been erroneously admitted.

The objection to the introduction in evidence of the letter of defendant P. B. Hawkins, written long after the execution of the deeds, was properly sustained.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.