WILSON, APPELLANT, *v.* PICKERING ET AL., RESPONDENTS.

(No. 1,595.)

(Submitted May 29, 1903. Decided June 22, 1903.)

*Mortgages — Discharge—Renewal of Note—Effect — Limitations—Amendment of Statute — Retroactive Effect—Code Provisions.*

1.  A note secured by mortgage fell due June 11, 1886, and by the statute in force at that time action thereon would be outlawed in six years. Act

1889 (Sess. Laws 1889, p. 172) extended the period within which actions might be brought on written instruments to eight years, but expressly provided that the Act should not affect causes of action accrued prior to its passage. Code of Civil Procedure, Section 557, provides that the limitations prescribed therein shall not apply to causes of action which have become barred by existing statutes. *Held,* that the act of 1889 and the limitations prescribed in the Code had no application to the note in suit, but it was governed by the law in force at its maturity.

2. Civil Code, Section 3842, providing that a mortgage can be created, renewed, or extended only by writing with the formalities required in the case of a grant of real property, since it did not take effect until July 1, 1895, and since by Section 4651 no part of the Civil Code is retroactive unless expressly so declared, has no application to a mortgage renewed by extension of the note which it secured in 1890.

3. The statute, if retroactive, would have been an unconstitutional impairment of the validity of the contract of renewal.

4. A mortgage secures a debt, and not the evidence thereof, and no change in the form of the evidence or renewal thereof can operate to discharge the mortgage, in the absence of an express agreement or a plain manifestation of intention that it shall do so.

5. The maker of a note secured by a mortgage, who renews the note, has the burden of proving that it was the intention of the parties that such renewal should not extend the mortgage.

6 The maker of a note executed a mortgage to secure it. After maturity of the note, it was renewed. After the maturity of the renewal note, it was again renewed, and a mortgage was given by the maker on other land than that covered in the first mortgage. The maker, at the time of executing the second mortgage, was requested to execute a new mortgage covering the property described in the first, but this he declined to do, requesting, however, that the mortgagor bring suit to foreclose the first mortgage. *Held,* insufficient to overcome, as a matter of law, the presumption that the renewal of the note extended the first mortgage.

*Appeal from District Court, Broadwater County; F. K. Armstronog, Judge.*

ACTION by E. T. Wilson, as receiver of the First National Bank of Helena, against John G. Pickering and others. From a judgment granting insufficient relief, plaintiff appeals. Reversed.

STATEMENT OF THE CASE BY THE COMMISSIONER PREPARING THE OPINION.

This case was tried on an agreed statement of facts, from which it appears that on December 11, 1885, defendant John G. Pickering executed and delivered to the First National Bank of Helena his promissory note for the sum of $9,902.06, due six months after date, with interest at the rate of 1¼ per cent.

per month after maturity until paid. At the same time the defendant John G. Pickering and Hannah Pickering, his wife, executed and delivered to the bank their certain mortage on the real estate therein described as "additional security to secure the payment of $3,000" of this note. On December 20, 1886, defendant John G. Pickering executed and delivered to said bank his promissory note for the sum of $10,068.59, due in one year, with interest at the rate of $1\frac{1}{4}$ per cent. per month from date until paid. On January 20, 1888, defendant John G. Pickering executed and delivered to said bank his promissory note for the sum of $1,510.20, due in one year, with interest at the rate of $1\frac{1}{4}$ per cent. per month after maturity until paid. At the date of the last-named note the defendants Pickering (and his wife) executed to the bank a mortgage on certain other real estate, conditioned for the payment of the last two named notes. At the time this last mortgage was executed, defendants were asked by the bank to execute a new mortgage covering the property described in the first mortgage to secure the $3,000 included in the renewal indebtedness. This the defendants declined to do, and the defendant John G. Pickering then told the bank to commence foreclosure proceedings on the mortgage executed December 11, 1885. On February 8, 1890, the defendant John G. Pickering, without the knowledge or consent of the defendant Hannah Pickering, executed and delivered to the bank his promissory note for the sum of $13,509.58, due one year after date, with interest at the rate of one per cent. per month after date until paid. Subsequently, and on the 12th day of April, 1895, one T. H. Kleinschmidt and Mary M. Kleinschmidt, his wife, "with the consent and by and under the direction of the said John G. Pickering, and for the further and additional security for the payment of the last-named note, executed and delivered to the bank" a deed to certain real estate, the title to which said T. H. Kleinschmidt then held in trust for defendant John G. Pickering. Defendant John G. Pickering paid on the last-named note the sum of $1,642.10 as principal, and the further sum of $1,621.20 as interest. It further

appears that the original indebtedness of $9,902.06 was, with the interest, carried along and included in the several notes subsequently executed, and that the $3,000 to secure the payment of which the first mortgage was executed was included in and constituted a part of the sum due plaintiff at the time suit was commenced. On December 27, 1897, at the time this action was commenced, it was admitted that there was due plaintiff from defendant John G. Pickering the sum of $11,867.48, with interest thereon at the rate of 12 per cent. per annum from February 7, 1891.

Plaintiff asked for judgment for this amount, that the deed from Kleinschmidt to the bank be declared a mortgage, and for the foreclosure of all the mortgages named in the complaint, and the sale of the premises therein described.

The defendants interposed the plea of the statute of limitations as to the mortgage executed December 11, 1885, and denied that it was the intention that the renewal of the notes should operate as a renewal of the former mortgage liens.

At the trial the court found plaintiff to be entitled to the relief demanded, except as to the foreclosure of the mortgage dated December 11, 1885, which was found to be barred by the statute of limitations. Judgment was entered in accordance with the findings, and from the judgment so entered plaintiff appeals.

*Mr. C. B. Nolan,* for Appellant.

*Mr. C. H. Baldwin,* and *Mr. J. H. Shober,* for Respondents.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

1. The only question presented for consideration on this appeal is whether the court erred in holding that the mortgage dated December 11, 1885, was barred by the statutes of limitation at the time of the commencement of this suit. The period prescribed by the statute at the time the right of action accrued

on the note described in that mortgage was six years. This note fell due June June 11, 1886, and the right of action thereon was barred June 11, 1892, unless extended by some means or agreement outside of the instrument itself.

The Act of 1889 (Session Laws 1889, p. 172) extended the period within which action might be brought on a written instrument to eight years, but expressly provided that the Act should not affect causes of action which had accrued prior to its passage. The right of action on this first note having accrued prior to that time, it was not affected by this Act; and, the statute of limitation having fully run, unless tolled, prior to the time when the Codes of 1895 took effect, the status of the case is not affected by the Codes. (First Div. Comp. St. 1887, Sec. 42; Sess. Laws 1889, p. 172; Code Civ. Proc. Secs. 512, 557, 3456; Political Code, Sec. 9; *Sherman* v. *Nason,* 25 Mont. 283, 64 Pac. 768; *Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566.) The last case cited further decides that the statute of limitation does not confer a vested right, to that extent modifying the decision in *Gillette* v. *Hibbard,* 3 Mont. 417, by establishing the doctrine that limitation Acts affect the remedy and not the right.

2. Counsel for respondent contends that the provisions of Section 3842 of the Civil Code apply to this case. That section provides that a mortgage "can be created, renewed or extended only by writing, with the formalities required in the case of a grant of real property." This statute is direct and certain, and admits of but one interpretation. A mortgage lien since its approval cannot be created, renewed or extended in contravention of its provisions. (*Wells* v. *Harter,* 56 Cal. 342; *London & S. F. Bank* v. *Bandmann,* 120 Cal. 220, 52 Pac. 583, 65 Am. St. Rep. 179.) This statute, however, did not take effect or become law until July 1, 1895, while the last renewal of the note in the case before us was executed February 8, 1890. If at the last-named date the renewal of a note, as a matter of law, extended or renewed a mortgage lien given to secure the indebtedness evidenced by the former note, such extension or renewal

became and was, at the time of the enactment of Section 3842, *supra,* a valid, subsisting contract, and the legislature could not impair its obligation by an enactment subsequent to the execution of such contract. (Cooley, Const. Lim. (6th Ed.) 328.) And, if a renewal of the note did not toll the statute of limitation, the plaintiff's right of action was barred thereby June 11, 1892, six years from the date when the first note became due. In either event, the section above quoted can have no application to the facts of this case. No part of the Civil Code is retroactive unless expressly so declared. (Civil Code, Sec. 4651.)

3.   A mortgage does not create an estate in real property. It is a mere security for the payment of a debt. It is an incident to that which it secures. (*Hull* v. *Diehl,* 21 Mont. 71, 52 Pac. 782.)

The general doctrine appears to be that a mortgage secures a debt or obligation, and not the evidence of it, and no change in the form of the evidence or time of payment can operate to discharge the mortgage. So long as the debt secured remains unpaid, the renewal of the evidence of the debt will not impair the lien of the mortgage. The mortgage is barred only when the debt is barred. (*Lent* v. *Morrill,* 25 Cal. 492; *Vick* v. *Smith,* 83 N. C. 80; *Kerr* v. *Lydecker,* 51 Ohio St. 240, 37 N. E. 267, 23 L. R. A. 842; 15 Am. & Eng. Ency. Law (1st Ed.), 869; *Balch* v. *Arnold,* 9 Wyo. on page 36, 59 Pac. on page 438; *Crawford* v. *Hazelrigg,* 117 Ind. 69, 18 N. E. 603, 2 L. R. A. 139; *Dumell* v. *Terstegge,* 85 Am. Dec. 466.) To this latter case is appended a monographic note, containing a large collection of cases, and a full discussion of the above principles.

This general rule is modified to the extent that a court of equity will, on the presentation of a proper case, protect the intervening rights of third parties, and that the parties to the mortgage may, at the time of renewing the note, by express agreement, or a plain manifestation of a contrary intention, negative the presumption that the renewal of the note renews the mortgage lien; but the burden of proof is on the party asserting such proposition to show that it was not the intention that

such renewal of the note should renew or extend the mortgage. (*Brown* v. *Dunckel,* 46 Mich. 29, 8 N. W. 537; *Oliphint* v. *Eckerley,* 36 Ark. 69; *Vick* v. *Smith, supra; California Bank* v. *Brooks,* 126 Cal. 198, 59 Pac. 302; *Barber* v. *Babel,* 36 Cal. 11.)

4. At the time defendants executed the second mortgage, on January 20, 1888, to secure the payment of the note of that date, and of the note dated December 20, 1886, there was some discussion relative to the former mortgage, and the defendants were asked to give a new mortgage covering the same property described in the first mortgage. Mrs. Pickering refused to execute such new mortgage, and John G. Pickering refused to execute the same for the reason that his wife would not join him; but at the same time he requested the plaintiff to bring suit to foreclose this first mortgage. The facts presented in the agreed statement are not of themselves sufficient as a matter of law to repel the presumption that it was the intention of the parties that the execution of the new note and the new mortgage on other property should extend the lien of the former mortgage.

No question is raised with reference to the inchoate interest of the wife in the trust estate under the deed from the railroad company to Kleinschmidt. We therefore do not discuss that question.

On a consideration of the whole case, we are of the opinion that the judgment appealed from should be reversed, and the cause remanded, with direction to the district court to grant a new trial.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded for a new trial.