SWAIN, Appellant, v. McMILLAN, Respondent.

(No. 1,886.)

(Submitted April 26, 1904. Decided May 25, 1904.)

*Deeds — Delivery—Escrow — Evidence—Burden of Proof— Appeal — Transcript — Manner of Showing Error—Sufficiency—Mortgages.*

1. A grantor in a deed placed in escrow, to be delivered in a specified time on the performance of certain conditions, brought suit to set aside the deed. At the close of plaintiff's case, defendant's motion for a nonsuit was granted. Pleadings and evidence examined, and *held,* that the motion for a nonsuit was rightly granted, since, under the pleadings, the burden· of proof was on the plaintiff to prove his material allegations, and this he had failed to do.
2. Proof that a mortgage is of record is not proof that the mortgagee procured it to be recorded.
3. The phrase "deed of release," as used in Civil Code, Section 3845, means a writing, duly subscribed and acknowledged by the mortgagee, whereby he absolves the mortgaged property from the lien of the mortgage.
4. Where one appears of record to be the owner in fee of real estate, one alleging the contrary must prove the same by clear and convincing proof.
5. The transcript on appeal must show error directly, and not by way of inference or presumption.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

Action by John W. Swain against A. A. McMillan, as executor of Kind S. Batteiger, deceased. From a judgment granting a nonsuit, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

*Mr. J. E. Healy,* for Appellant.

This is an action to quiet title, and the ten year statute applies. It is not an action to set aside a deed on the ground of fraud, for no fraud is alleged; it is an action merely to quiet title, for fraud is not the universal characteristic of the action; at best it is incidental. (*Oakland* v. *Carpentier,* 13 Cal. 552; *Wagner* v. *Law,* 28 Pac. 1114, 2 col. at bottom, *et seq.;* *Wilson* v. *Brookshire,* 9 L. R. A. 796.)

The elements of an estoppel by deed are: (1) It must be between the parties; strangers cannot take advantage of it. (2) It must be certain in its nature, and not open to ambiguity or double construction, and (3) It must be mutual. If any of the elements are lacking there can be no estoppel, but if all are present there is beyond question an estoppel. For a general discussion of the question of estoppel see Smith's Leading Cases, 9th Ed., 2056 *et seq.;* also 2010. The principal of estoppel by deed has always existed, and has run equally against the mortgagor and the mortgagee, as to provisions intended for them. (*Mitchell* v. *Kinnard,* 29 S. W. 309; Boone on Mortgages, Sec. 106; *Alexander* v. *Walter,* 8 Gill. 247; *Cecil* v. *Cecil,* 81 Am. Dec. 628; Ency. of Law, "Mortgages," page 1005, notes 4 and 5; Ency. of Law, "Estoppel," page 444; *Williston* v. *Watkins,* 3 Pet. 48; *Strong* v. *Waddel,* 56 Ala. 471; *Farris* v. *Houston,* 74 Ala. 169; *Scobey* v. *Kinningham,* 131 Ind. 557; *Carson* v. *Cochran,* 52 Minn. 67; *Upchurch* v. *Anderson,* 52 S. W. 917; *Second Nat'l Bank* v. *Gilbert,* 51 N. E. 584; *Collins* v. *Williams* (Tenn.), 41 S. W. 1056; *Voss* v. *Eller,* 109 Ind. 260; *Conklin* v. *Smith,* 7 Ind. 107; Washburn on Real Property, 6th Ed., Sec. 1101; *Fox* v. *Windes,* 127 Mo. 502; Smith's Leading Cases, 2106-2011; *Winn* v. *Strickland,* 16 So. 606.)

Upon the question of delivery. (*Richardson* v. *Gray,* 85 Iowa, 149; *Gloze* v. *Ins. Co.,* 87 Mich. 349; *Hutton* v. *Smith,* 55 N. W. 326; *Neel* v. *Neel,* 69 Pac. 163; *Schuffert* v. *Grote,* 88 Mich. 650; *Rittmeister* v. *Brisbane,* 35 Pac. 736; *Tyler* v. *Hall,* 106 Mo. 313; Webb on Record of Title, Sec. 144, and cases cited.)

The record of conveyance is intended for third parties and

not for parties to any transaction; much less for those who are not parties. (Webb on Record of Title, Sec. 144; *Taylor* v. *Holter*, 1 Mont. 712; *McAdow* v. *Black*, 1 Pac. 751.)

A deed of release was the original way of releasing a mortgage; and the statute, recognizing this very thing, has said that the satisfaction properly executed, as this one is shown to be, shall have the same effect as a deed of release, duly acknowledged and recorded. If this deed of release is denied the effect of a deed of release, we find the statute read away. A deed of release is defined by Devlin on Deeds, Sections 16 and 17, to be a deed, the operative words of which are "remise, release and forever quitclaim." A deed of quitclaim and release is as effectual to pass a present and existing interest as any other kind of deed. (*Spaulding* v. *Bradley*, 22 Pac. 47; *Packard* v. *Johnson*, 4 Pac. 632.)

The rule is once a mortgage always a mortgage. (Washburn on Real Property, Sec. 998, and cases cited (6th Ed.); Compiled Laws, First Division, Sec. 371; Washburn on Real Property, Sec. 999, and cases cited; *Starr* v. *Kaiser*, 68 Pac. 523.)

*Messrs. McBride & McBride*, for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

Suit in equity. In his complaint plaintiff alleged himself to be the owner in fee and entitled to the possession of an undivided one-fifth interest in the Greendale placer, and that the defendant Kind S. Batteiger claimed an interest therein adverse to the plaintiff which arose out of the following facts and circumstances: That on November 10, 1890, the plaintiff placed in escrow for a period of six months a deed conveying the said premises to the defendant and one Cluett, which deed was to be delivered to them upon the performance of certain conditions; that the terms of the escrow agreement were never performed, and the deed was never delivered; that the title to the said property then and ever since has remained in the plain-

tiff, but that thereafter, and by some means unknown to the plaintiff, the defendant became possessed of the deed, and caused the same to be recorded on January 24, 1893, paying no consideration of any kind therefor, and knowing that no consideration was ever paid or rendered by any person therefor; that on January 12, 1895, defendant obtained from Cluett a deed for an undivided one-tenth interest in said property, and caused the deed to be recorded; that patent to the said property was issued May 12; 1892; that defendant had paid certain taxes on the property, which plaintiff offered to repay; that the title of the defendant is without right; and that said defendant has no estate, right, title or interest in said premises, or any part thereof, except to the extent of the taxes paid by him. Plaintiff prayed that defendant be required to set forth the nature of his claim, and that it be adjudged that the defendant has no interest or estate in said property, and that the title of plaintiff is good and valid. The defendant denied plaintiff's ownership, admitted his own claim of title, and alleged that the terms of the escrow agreement were performed, that the deed was delivered to defendant by and with the knowledge and consent of the plaintiff, and that the plaintiff was paid the entire consideration therefor. He further alleged that the plaintiff was guilty of laches in bringing this action, and also that the action is barred by the statute of limitations. Plaintiff filed a reply in which he denied the affirmative matter set up in the answer, and alleged, as an estoppel against the defendant, that on July 10, 1891, the defendant caused the plaintiff to execute to him a certain mortgage deed for the described premises, which contained the express agreement that, in case a surveyed division of the said claim be made between the owners thereof, "this mortgage shall attach to and run against and be upon that portion owned by the said John W. Swain," and that defendant placed the mortgage of record on July 18, 1891.

At the trial the plaintiff introduced the following documentary evidence: The record of a United States patent showing the Greendale placer to have been conveyed by the government

to plaintiff, defendant and three others. The record of a mortgage purporting to have been executed and delivered by plaintiff to defendant to secure a note made payable to James A. Murray. This note appears to have been signed by A. F. Bray and plaintiff. The mortgage was dated July 10, 1891, and filed for record July 18th following. The mortgage record showed that on May 23, 1896, the defendant entered thereon the following satisfaction: "For value received I hereby certify and declare that this mortgage, together with the debt thereby secured, is fully paid, satisfied and discharged." The record of an instrument dated September 29, 1893, executed by defendant to Archibald A. McMillan, purporting to be an assignment for the benefit of defendant's creditors, and to convey all his estate, "real and personal, and his chattels, effects, debts and choses in action." It specifically mentioned an undivided one-fifth interest in the Greendale placer. The record of a deed executed by McMillan reconveying to defendant the property mentioned in the instrument of September 29, 1893. The record of a deed dated November 10, 1890, purporting to have been executed by plaintiff to defendant, and one Cluett, conveying to them an undivided one-fifth interest in the Greendale placer for a consideration of $600. It was recorded January 24, 1893. The record of a deed dated November 12, 1895, purporting to have been executed by Cluett to defendant, conveying to the latter an undivided one-tenth interest in the Greendale placer.

No oral testimony was introduced, except that which pertained to the introduction of the deeds and to the payment of taxes. Plaintiff offered to repay to defendant the amount which the latter had paid for taxes upon the premises in controversy. Plaintiff did not testify. At the close of plaintiff's case defendant moved for a nonsuit, which was granted, and judgment was thereupon entered. Plaintiff moved for a new trial, which was denied. Defendant having died, Archibald A. McMillan, his executor, was substituted for him. This appeal is from the judgment and order denying plaintiff's motion for a new trial.

The gist of the foregoing is that the plaintiff made a deed, and placed it in escrow, to be delivered in six months upon the

performance of certain conditions. He alleges these conditions were never performed. Defendant alleges that they were. Plaintiff alleges that the deed was never delivered. Defendant alleges that it was. Plaintiff alleges that thereafter, and by some means unknown to him, the defendant became possessed of the deed, paying or rendering no consideration therefor. The defendant alleges that plaintiff was paid the entire consideration for the deed, and that it was delivered in accordance with the escrow agreement, and by and with the knowledge and consent of plaintiff. All of these were material allegations on the part of plaintiff, and all were denied. The burden was upon the plaintiff to prove them, and this he failed to do. The only evidence which he produced, as we have seen, was documentary. From this evidence he says certain legal presumptions should be drawn. For instance, he says that, since defendant caused plaintiff to execute the mortgage on July 10, 1891, two months after the six-months escrow period had expired, it must be taken as conclusive that the deed had not then been delivered. In this connection it must be remembered that the first mention of this mortgage and its recordation appears in plaintiff's reply as new matter, and is deemed denied by defendant. (Code of Civil Procedure, Sec. 754.)

Plaintiff failed to prove that defendant caused him to execute the mortgage, or that defendant placed it of record. The fact that it was of record was not proof that defendant placed it there. But conceding that plaintiff did prove his allegations with respect to the mortgage, it may have been that the escrow deed was delivered after the mortgage was given, and in satisfaction thereof. The mortgage does not indicate the defendant's interest therein. The note which it was given to secure is a note in which defendant had no apparent interest. It was executed by A. F. Bray and plaintiff to James A. Murray, and was due in six months from date. Why the mortgage was given to defendant to secure this note is one of the things which the record fails to show. The explanation of this which counsel for plaintiff makes is that defendant advanced the money and the note

was delivered to him, being made payable to his (defendant's) banker, Murray. It may be that the time for the performance of the escrow condition was extended by the parties, and that the deed was afterwards delivered in pursuance of such extension. It may not have been delivered until January 24, 1893, when it was placed on record.

Plaintiff also argues that defendant acknowledged that he had no interest in the property when he caused the mortgage to be canceled on May 23, 1896, and relies upon Section 3845 of the Civil Code, which reads as follows: "Any mortgage that has been or may be hereafter recorded may be discharged by an entry in the margin of the record thereof, signed by the mortgagee or his personal representative or assignee, acknowledging the satisfaction of the mortgage in the presence of the county clerk, or his deputy, who shall subscribe the same as a witness. Such entry shall have the same effect as a deed of release duly acknowledged and recorded." Particular stress is laid upon the words "deed of release," counsel claiming that a deed of release means a deed which has the effect of conveying title.

It is well to note the character of the mortgage itself. A "mortgage is a contract by which specific property is hypothecated for the performance of an act, without the necessity of a change of possession." (Civil Code, Sec. 3810.) "The lien of a mortgage is special, unless otherwise expressly agreed, and is independent of possession." (Civil Code, Sec. 3812.) A mortgage does not create an estate in real property. "It is a mere security for the payment of a debt or the fulfillment of an obligation, and is only a chattel interest. (*Gallatin County* v. *Beattie,* 3 Mont. 173; *Holland* v. *Board of Commissioners,* 15 Mont. 460, 39 Pac. 575, 27 L. R. A. 797.) While it affects lands by imposing a lien or charge upon them, it in no wise conveys title thereto." (*Hull* v. *Diehl,* 21 Mont. 71, 52 Pac. 782; *Wilson* v. *Pickering,* 28 Mont. 435, 72 Pac. 821.)

The ordinary signification of the word "deed" is given by the Century Dictionary as "that which is done, acted, per-

formed or accomplished." Abbott's Law Dictionary says: " 'Deed' is somewhat used in jurisprudence in its general, vernacular sense of an act; something done. More frequently it has a technical meaning, denoting (1) a written instrument under seal; and (2), and more specifically, a conveyance. In the first and broader of these meanings, 'deed' includes all varieties of sealed instruments. Even bonds and executory contracts under seal may be included by the term, and still more clearly may assignments, leases, mortgages and releases." And see Devlin on Deeds, Sec. 5; Black's Law Dictionary; *American Insurance Co.* v. *Avery,* 60 Ind. 566.

"Release" is thus defined by the Century Dictionary: "In law, a surrender of a right; a remission of a claim in such form as to estop the grantor from asserting it again. An instrument by which a creditor or lienor discharges the debt or lien, or frees a particular person or property therefrom, irrespective of whether payment or satisfaction has actually been made. Hence usually it implies a sealed instrument."

Manifestly, the phrase "deed of release," as used in the statute, means a writing, duly subscribed and acknowledged by the mortgagee, whereby he absolves the mortgaged property from the lien of the mortgage.

The satisfaction of the mortgage which defendant entered on May 23, 1896, may have been made simply for the purpose of clearing the record, and defendant may have at that time been the owner in fee of the property included in the mortgage. Such action by defendant would be entirely consistent with his ownership. Surely no owner desires to have his title apparently incumbered with a mortgage, although that instrument be null.

Another fact from which we are asked to draw an inference against the defendant is that on September 29, 1893, he executed an instrument purporting to convey all of his property to McMillan for the benefit of defendant's creditors. In this instrument it appears that defendant only included an undivided one-fifth interest in the Greendale placer, when, as a matter

of fact, he owned a three-tenths interest therein, according to the records; that is, he owned one-fifth interest according to the terms of the patent, and one-tenth interest according to the terms of the deed executed by plaintiff to himself and Cluett. It must be remembered, however, that the one-fifth interest conveyed to defendant and Cluett by plaintiff was conveyed to them jointly, and defendant may have omitted such one-tenth interest thoughtlessly.

Plaintiff says that the defendant is estopped from alleging that he was the owner of more than an undivided one-fifth interest in the Greendale placer by the execution of his instrument of assignment dated September 29, 1893. In that instrument he made mention of an undivided one-fifth interest only. He also failed to mention the mortgage from plaintiff to himself, which secured a note of $600. Did he exclude that, also, according to plaintiff's theory?

Thus all the defendant's actions may be explained reasonably and consistently with honest dealing. Plaintiff seems to overlook the fundamental principle that, when one appears of record to be the owner in fee of real estate, another alleging the contrary must show the fact by clear and convincing proof. It was incumbent upon plaintiff to show the actual facts existing, and this he has failed to do. Error must be made out affirmatively. It will not be presumed. (*State* v. *Mott,* 29 Mont. 292, 74 Pac. 728; *Merryman* v. *Bourne,* 9 Wall. 592.) The transcript must show the error directly, not by way of inference or presumption. (*Rumney Land & Cattle Co.* v. *Detroit & Montana Cattle Co.,* 19 Mont. 557, 49 Pac. 395.)

We are of the opinion that the judgment and order should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.