MUELLER, Respondent, *v.* RENKES, Appellant.

(No. 1,893.)

(Submitted April 28, 1904.   Decided July 2, 1904.)

*Mortgages — Nature—Interest of Mortgagee—Cancellation—*
*Release — Effect—Fraudulent Conveyances — Evidence—*
*Sufficiency.*

1.   A mortgage itself does not create or alienate an estate in real property,
     but is a mere security for the payment of a debt or the discharge of an
     obligation.   (Section 3810 *et seq.*, Civil Code.)
2.   While a mortgage is a conveyance (Section 1642, Civil Code), it is a con-
     veyance of only a chattel interest.
3.   A mortgage being a mere lien executed for the benefit of the mortgagee, it
     may be canceled or released by him at any time with or without consider-
     ation, and with or without the consent of the mortgagor.
4.   The purchaser of mortgaged real estate does not thereby become personally
     liable for the indebtedness.
5.   When a mortgage is released, a *bona fide* purchaser holds the premises free
     of the mortgage, whether the purchase was made prior or subsequent to the
     release.
6.   Under Civil Code, Section 2170, one attacking the release of a mortgage,
     which was given to him and released by himself, in the manner prescribed
     in Civil Code, Section 3845, assumed the burden of showing the existence
     of facts sufficient to warrant a court of equity in setting it aside.
7.   One who had a mortgage on lands securing his debt discharged the same
     of record, and subsequently sued at law on the note which was secured by
     the mortgage, attached the land which had been mortgaged, and purchased
     it at judicial sale, the land having before the discharge of the mortgage
     been conveyed by the mortgagor to a third person.   *Held*, in a suit by such
     person to quiet title, that a finding that the mortgage was not a lien on the
     property at the time the suit to quiet title was commenced was warranted.
8.   Mere inadequacy of consideration is not of itself sufficient cause to invali-
     date a conveyance, except in extreme cases.
9.   The mere fact that a conveyance of land is from a daughter to her mother,
     or *vice versa,* is not sufficient to stamp it with fraud.
10.  Where the owner of land conveyed the same to one to whom the owner was
     indebted for advances, the real consideration being $2,100, and between
     $800 and $1,200 having been paid on the execution of the deed, the balance
     being covered by the advances, though the nominal consideration in the deed
     was only $1, such conveyance was not fraudulent as to creditors.

*Appeal from District Court, Silver Bow County; E. W. Har-*
*ney, Judge.*

Suit by Lena Mueller against George Renkes.   From a judg-
ment in favor of complainant, and from an order overruling a
motion for a new trial, and from a judgment overruling an ap-
plication for a receiver, defendant appeals.   Affirmed.

*Mr. John J. McHatton,* for Appellant.

*Mr. J. N. Kirk,* and *Mr. John Lindsay,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This case stands for review on appeals on the part of defendant from a judgment rendered against him, from an order of the court overruling his motion for a new trial, and from the action of the court in overruling his application for the appointment of a receiver.

The action is one to quiet title. The complaint contains the allegations of possessory right, of possession and ownership, and other allegations usually found in such complaints, and that the defendant claims to own some interest in the property adverse to the plaintiff. The defendant denies the allegations of the complaint, and alleges as a separate defense and counterclaim that one Mrs. Mosherosh, the grantor of the plaintiff, on July 16, 1895, for a valuable consideration delivered to this defendant her promissory note dated July 16, 1895, for the sum of $2,450, due one year after date, with interest; that the maker of the note, who was then the owner of the property described in the complaint, on that day executed a mortgage to the defendant on said property to secure the payment of this note; that the note has never been paid; that on the 8th day of June, 1898, "this defendant, not knowing the effect of this act, canceled such mortgage upon the records of said county," the note not then having been paid; that this mortgage was recorded on the day of its execution; that on the 6th day of May, 1896, the said Mrs. Mosherosh made a pretended conveyance of this property to the plaintiff; that subsequently, and on the 20th day of December, 1898, this defendant "commenced a suit in" the district court, "entitled 'George Renkes, plaintiff, against Emma Mosherosh, defendant,'" to recover the amount due Renkes upon this promissory note; that judgment therein was entered for the plaintiff,

Renkes, by default; that Renkes, at the time of the commencement of that action, filed an affidavit and undertaking on attachment, and caused this property to be attached; that an execution was issued and the property sold under the judgment so obtained by the said Renkes, and was bid in by him; that the pretended conveyance from Mrs. Mosherosh to the plaintiff in this action was made for the purpose of hindering and delaying the creditors of the said Mrs. Mosherosh, and that the plaintiff in this action, Mrs. Mueller, now holds the property in trust for the said Mrs. Mosherosh. The plaintiff filed a replication denying these allegations so far as they relate to the matters in issue between the plaintiff and defendant in this action.

The defendant claims that some of these denials relating to this new matter and counterclaim of this defendant are not sufficient to raise an issue. Under the view taken, however, the question of indebtedness between Mrs. Mosherosh and this defendant becomes immaterial, except the mere fact that an indebtedness did exist between them with reference to this note, and this fact is undisputed. It is further undisputed that at the time Mrs. Mueller, the plaintiff, purchased this property, there was a valid, subsisting and recorded lien thereon. It is further undisputed that the defendant in this action did recover a default judgment against Mrs. Mosherosh on this note, and that this judgment has not been paid.

There are two questions presented by these appeals: (1) Was this mortgage a valid, subsisting lien on the property described in the complaint at the time of the commencement of this action? (2) Was the conveyance from Mrs. Mosherosh to the plaintiff herein a *bona fide* transaction, so as to pass the title of the property to this plaintiff?

1.   A mortgage itself does not create or alienate an estate in real property, but is a mere security for the payment of a debt or the discharge of an obligation. (Section 3810 *et seq., Civil Code; Hull* v. *Diehl,* 21 Mont. 71, 52 Pac. 782; *Gallatin County* v. *Beattie,* 3 Mont. 173; *Holland* v. *Board of County Commis-*

*sioners,* 15 Mont. 460, 39 Pac. 575, 27 L. R. A. 797; *Wilson* v. *Pickering,* 28 Mont. 435, 72 Pac. 821; *Swain* v. *McMillan,* 30 Mont. 433, 76 Pac. 943; *Adler* v. *Sargent,* 109 Cal. 42, 41 Pac. 799; *Mott* v. *Clark,* 9 Pa. St. 399, 49 Am. Dec. 566; *State ex rel. Cruse Savings Bank* v. *Gilliam,* 18 Mont. 100, 44 Pac. 394, 45 Pac. 661, 33 L. R. A. 556.)

It is true, a mortgage is a conveyance (Section 1642, Civil Code), but it is a conveyance of only a chattel interest (*Hull* v. *Diehl, supra.*)

A mortgage being a mere lien executed for the benefit of the mortgagee, it may be canceled or released by him at any time with or without consideration, and with or without the consent of the mortgagor. (See *Swain* v. *McMillan,* above.) Nor does the purchaser of mortgaged real estate become thereby personally liable for the payment of the indebtedness described in the mortgage. (Sections 3752, 3790, 3817, Civil Code.) The lien is strictly *in rem* by reason of the mortgage, and, when the mortgage is released, a *bona fide* purchaser holds the *res* free of such claim or lien, whether the purchase was made prior or subsequent to such release.

In this state a mortgage may be discharged by entry in the margin of the record thereof. (Section 3845, Civil Code.) The release in this case was made in that manner, and is in the following form: "I hereby certify and declare that the mortgage, together with the debt thereby secured, is fully paid, satisfied and discharged. Witness my hand this 8th day of June, 1898. George Renkes. Attest, John Weston, County Recorder, by A. E. Whipps, Deputy." The defendant, in attacking this release, assumed the burden of showing the existence of facts sufficient to warrant a court of equity in setting it aside. (Section 2170, Civil Code.) The evidence clearly shows that neither Mrs. Mosherosh, the mortgagor, nor Mrs. Mueller, the plaintiff herein, knew of the intention of appellant to release this mortgage, and did not know for some time afterwards that he had done so. The defendant says: "I came to the courthouse alone,

voluntarily, without conferring with any one about it, with the intention of canceling this mortgage and going over to Mrs. Mosherosh, which I did, and getting new papers made out. I did not think I was making a mistake. * * * No consideration in the way of money passed between myself and Mrs. Mosherosh for the cancellation of the mortgage." No claim can therefore be made that the release is the result of any deception on the part of Mrs. Mosherosh or of Mrs. Mueller. The appellant, Renkes, claims that he "did not know what he was doing" when he made the release, and "did not know the effect of his act," and that the same was without consideration. The defendant testified that in a conversation both the plaintiff and Mrs. Mosherosh tentatively stated to defendant that they would give him a new mortgage, but they did not say when they would do it, and that Mrs. Mosherosh told him that this mortgage was good for ten years, but that he disbelieved it. Mrs. Mosherosh denies that she ever promised to execute a new mortgage, and testified that she informed defendant that she was no longer the owner of the property.

The deed from Mrs. Mosherosh to Mrs. Mueller was executed May 6, 1896, and was recorded on that day. Several months after the defendant had executed the release, and after he had been fully informed as to its effect and import, he instituted an action at law on this note against Mrs. Mosherosh, to which action the plaintiff herein was not a party, "filed in said action an affidavit and undertaking on attachment, and thereupon caused a summons and writ of attachment to be issued in said cause," and attached this same property as the property of Mrs. Mosherosh. Why the defendant thought necessary to attach the property if he believed that he had a mortgage on it is not explained. Under the Code, before a party is entitled to a writ of attachment he must make an affidavit stating, among other things, the amount of his claim, "and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge of personal property, or, if originally so secured, that such security has, without any act of the plaintiff,

or the person to whom the security was given, become valueless." (Sections 890, 891, Code of Civil Procedure.)   Whether the defendant was legally entitled to any attachment at all in his action against Mrs. Mosherosh is a question which does not arise in this case.   It is apparent, however, that if this mortgage was a valid, subsisting lien for the security of this note on December 20, 1898, when defendant instituted his action against Mrs. Mosherosh, then the statement in the affidavit for attachment, "the payment of the same is not secured," was untrue, and, if this statement was true, the mortgage did not exist at that time. If it did not exist at that time, it does not exist now, for it has never been reinstated nor the release set aside.

No case has been cited, nor have we been able to find any, approximately similar to this in its statement of facts.   The following cases, however, discuss the main question:   *United States* v. *King*, 9 Mont. 75, 22 Pac. 498; *Stephenson* v. *Hawkins*, 67 Cal. 106, 7 Pac. 198; *Garwood* v. *Eldridge*, 2 N. J. Eq. 145, 34 Am. Dec. 195; *Dix* v. *Smith*, (Okl.) 50 L. R. A. 714, and note; *Attkisson* v. *Plumb*, (W. Va.) 58 L. R. A. 788, and note.

When the defendant ascertained his mistake in making the release, he had his option to institute an action in equity against all interested parties to set aside the release and to foreclose the mortgage, or to sue in an action at law on the note.   He chose the latter course, and, to secure the benefit of an attachment, made and filed an affidavit to the effect that he had no mortgage.

The trial court did not err in holding that this mortgage was not a lien on the property described in the complaint at the time this action was commenced.

2.   The *bona fides* of a conveyance presents questions of fact which must be determined from the particular acts of the parties, and the circumstances and conditions surrounding the transaction and under which they act.   Mere inadequacy of consideration is not of itself sufficient cause to invalidate a conveyance, except, perhaps, in extreme cases.   (*Maloy* v. *Berkin*, 11 Mont.

138, 27 Pac. 442.) Nor is the mere fact that the transaction is between mother and daughter sufficient evidence to stamp it with fraud. It is true this court has decided that where a husband, then being in debt, transfers property to his wife, courts of equity will scrutinize the transaction very closely (*Lambrecht* v. *Patten,* 15 Mont. 260, 38 Pac. 1063; *Shepherd* v. *First National Bank,* 16 Mont. 24, 40 Pac. 67); and it is an equitable rule that, where fraud is charged, the entire transaction should be closely examined.

The evidence in this cause shows conclusively that on the 6th day of May, 1896, Mrs. Mosherosh, the grantor of the plaintiff herein, was indebted to the plaintiff in certain sums which had theretofore been advanced to her; that she was also at that time indebted to the defendant herein, Mr. Renkes; that Mr. Renkes' claim was secured by a mortgage on real estate, which mortgage was then duly recorded. The consideration named in the deed from Mrs. Mosherosh to this plaintiff was $1. The deed was a bargain and sale deed. The testimony, however, shows conclusively that the consideration was $2,100; that somewhere between $800 and $1,200 were paid to Mrs. Mosherosh on the day the deed was executed. The balance of the consideration had been theretofore advanced. The mortgage of defendant, then being of record, was prior to this deed, and no conveyance which Mrs. Mosherosh could make could in any manner defraud this defendant or invalidate his lien. This lien continued for more than two years after this conveyance to plaintiff had been recorded, and was then released only by the voluntary act of the defendant himself; nor was any suit ever instituted by the defendant to foreclose that mortgage or to set aside this release. We are unable to understand from this state of facts how Mrs. Mosherosh, at the time she made this conveyance to her mother, could have intended to defraud this defendant, for it was beyond her power to invalidate the lien of the defendant, or to make any conveyance of the property that would be prior to this mortgage.

We think the judgment and orders appealed from should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and orders are affirmed.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.

Rehearing denied.