FELT *v.* COVINGTON *et al.*

[99. So. 1. No. 23868.]

(Division A. Feb. 18, 1924.)

MORTGAGES. *Cancellation of mortgage without attestation by clerk held not constructive notice.*

Under section 2781, Code 1906 (section 2285, Hemingway's Code), the cancellation of a mortgage on the record where the same is recorded, without being attested by the clerk of the chancery court, is not constructive notice of such cancellation to subsequent mortgagees and purchasers upon which they can rely.

APPEAL from chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Bill by Edward A .Felt against J. T. Covington and others. Decree of dismissal, and plaintiff appeals. Reversed and remanded.

*C. T. Gordon,* for appellant.

If the court was correct in holding that the instrument of cancellation as pasted upon the margin of the deed was not in fact a cancellation, and did not give notice to

the appellee, Gloster Bank and Trust Company, then this appellant should have recovered from the said Gloster Bank and Trust Company such amount as was then due appellant on said note with cost not to exceed said amount.

If this cancellation was void and of no effect then the legality of the lien of the mortgage was not affected by the attempted cancellation, and it remained in full force and effect as to the property described therein, and the court should have so held and the appellant should have recovered of the Gloster Bank and Trust Company for the value of the same, as shown by the proof before the court.

We insist that the court below was in error in the decree as rendered.

*R. S. Stewart,* for appellee, J. T. Covington.

The order to cancel was never attested by the clerk or any one for him, nor does it bear date other than the one given, being the identical date upon which the deed of trust and note were transferred to the said Felt. The entire record fails to show that the appellee had anything whatever to do with placing of said instrument on record.

The chancery clerk, as well as the ex-chancery clerk, both testified that they had nothing to do with it, did not handle it, and did not place it of record, and the index of the chattel mortgages and deeds of trust on the date of the trial showed the deed of trust uncancelled, and the order to cancel showed no attestation by the clerk.

It is axiomatic in our jurisprudence that the finding of a chancellor upon a question of fact, where the evidence is conflicting, will not be disturbed, if there is evidence to support such finding, or upon which to base such finding. A reading of the record shows conclusively that there is no evidence to show when the instrument was placed of record, or by whom it was placed of record, and in fact there is no evidence to show that it was ever noted of record or noticed by anyone until more than two years after the date of it.

It follows, therefore, that the appellant, the complainant below, wholly failed to connect the placing of the cancellation or order to cancel in any manner with the appellee, and it follows further that if the complainant failed in this he likewise failed to show damage in any manner or form.

The record shows that the instrument is not attested by the clerk, nor does the attestation appear anywhere on the face of the mortgage, or margin of the mortgage, as required by section 2781, Code of 1906, Hemingway's Code, section 2285. The provision in the statute: "Which entry shall be attested by the clerk of the chancery court" is mandatory. This rule is announced in 27 Cyc., page 1422, paragraph D.

We insist that this instrument was not a cancellation, did not release the property, and the Gloster Bank and Trust Company was not a *bona-fide* purchaser, or mortgagee, of said property, and that the decree of the court dismissing the bill and awarding no relief as against the appellee was correct.

ANDERSON, J., delivered the opinion of the court.

Appellant, Edward W. Felt, filed his bill in the chancery court of Amite county against appellees J. T. Covington, Aaron Holmes, and the Gloster Bank & Trust Company. The cause was heard on bill, answers and proof and a final decree rendered dismissing appellant's bill, from which he prosecutes this appeal.

One question in the case, the decision of which renders it unnecessary to decide any other question argued, is the priority as between a chattel mortgage held by appellant and one held by appellee the Gloster Bank & Trust Company, both executed by the appellee Aaron Holmes.

The appellant's mortgage is prior in date. Appellee Aaron Holmes executed the mortgage held by appellant in favor of appellee J. T. Covington. Appellant purchased from appellee Covington the note secured by said

mortgage, which note was transferred to appellant by appellee Covington in writing, without recourse, by indorsement on its back.   This assignment to appellant was not shown on the record of the chattel mortgages in Amite county in any manner whatever.   On the same date appellee Covington assigned said mortgage indebtedness to appellant he signed the following writing, addressed to the chancery clerk of Amite county:

·                               "Summit, Miss., 10—16—19.

"Chancery Clerk, Liberty, Miss.:   Please cancel deed of trust from Aaron Holmes to J. T. Covington dated April 11, 1919, paid in full.          .

                              "[Signed] J. T. Covington"

By some means unknown to the parties to this cause, and not revealed by the evidence, this direction to the chancery clerk to cancel said deed of trust was pasted on the margin of the record where said deed of trust was recorded.   Some time afterwards appellee the Gloster Bank & Trust Company took a chattel mortgage from appellee Aaron Holmes· on the same property as that covered by said mortgage so held by appellant.   At the time of taking its mortgage appellee Gloster Bank & Trust Company had no actual notice of the existence of said mortgage held by appellant.   The question is, Which of these two mortgages is prior in right? and the solution of that question turns on whether the said writing pasted on the margin of the record of appellant's mortgage amounted under the statute to a cancellation.

The statute, section 2781, Code of 1906 (section 2285, Hemingway's Code), is in this language:

"Any mortgagee or *cestui que trust,* or the assignee of any mortgage or *cestui que trust,* of real or personal estate, having received full payment of the money due by the mortgage or deed of trust, shall enter satisfaction upon the margin of the record of the mortgage or deed of trust, which entry shall be attested by the clerk of the chancery court and discharge and release the same, and shall bar all actions or suits brought thereon, and the

title shall thereby revest in the grantor. And if such mortgagee or *cestui que trust,* or such assignee, by him-self or his attorney, shall not, within one month after request, cancel on the record the said mortgage or deed of trust the beneficiary shall forfeit the sum of fifty dollars, which can be recovered by suit on part of the party aggrieved, and if after request, he fail or refuses to make such acknowledgment of satisfaction, the person so neg-lecting or refusing shall forfeit and pay to the party ag-grieved any sum not exceeding the mortgage money, to be recovered by action; but such entry of satisfaction may be made by any one authorized to do it by the writ-ten authorization of the mortgagee or beneficiary, and shall have the same effect as if done by the mortgagee or beneficiary.''

It will be observed that the statute authorizes the can-cellation of mortgages by the entry of satisfaction upon the margin of the record of such mortgages, but provides that such entry of cancellation ''shall be attested by the clerk of the chancery court.'' It was intended by this statute to provide an easy and inexpensive method for the cancellation of mortgages and deeds of trust. The statue is mandatory as to the attestation by the clerk of the cancellation. It provides that ''it shall be attested by the clerk.'' The requirement of attestation was for the purpose of preventing unauthorized or fraudulent cancellations. Subsequent purchasers and incumbrancers are not affected with constructive notice unless the stat-ute is complied with. Such a cancellation may be likened in its effects to an unacknowledged deed or mortgage. Such deed or mortgage is not entitled to record. Like-wise an unattested cancellation of a mortgage is not en-titled to be placed upon the record where the mortgage is recorded or elsewhere.

We hold, therefore, that such a cancellation is not con-structive notice to subsequent purchasers and incum-brancers for value in good faith.

*Reversed and remanded.*