(113 So. 577)

### LEWIS v. CANNON. (7 Div. 769.)·

Supreme Court of Alabama. June 30, 1927.

1. **Mortgages** ⊚⇒312(4)—**Complaint to recover penalty for failure to satisfy mortgage, as required by statute, stated cause of action (Code 1923, §§ 9023, 9024).**

Complaint to recover penalty, under Code 1923, § 9024, for failure to satisfy mortgage, as required by section 9023, alleging among other things that defendant entered upon mortgage record following, "Satisfied this 27th day of April, 1926, J. L. Cannon," but failed to have such entry of satisfaction witnessed by judge of probate, or his clerk, in his official capacity, as required by section 9023, *held* to state cause of action.

2. **Mortgages** ⊚⇒314—**Entry of satisfaction of mortgage upon mortgage record, without having entry of satisfaction witnessed by judge of probate or his clerk, held not compliance with statute (Code of 1923, § 9023).**

Entering upon mortgage record following, "Satisfied this 27th day of April, 1926, J. L. Cannon," without having such entry of satisfaction witnessed by judge of probate, or his clerk, in his official capacity, *held* not compliance with Code 1923, § 9023.

Appeal from Circuit Court, Dekalb County; W. W. Haralson, Judge.

Action by George P. Lewis against J. L. Cannon to recover statutory penalty for failure to satisfy record of a mortgage. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Count 2 of the complaint is as follows:

"The plaintiff claims of the defendant the further and different sum of $200 as a statutory penalty for failure to satisfy, as the law requires, on the mortgage records of Dekalb county, within 30 days after demand in writing therefor, a certain mortgage executed by Robert Alexander and wife, Jessie Alexander, to J. L. Cannon, defendant. Plaintiff avers that after said mortgage had been fully paid and satisfied, he, on, to wit, April 25, 1926, made demand in writing on defendant to satisfy said mortgage on the records of said county in the probate office where the same was of record, plaintiff being a purchaser of the land covered by said mortgage, and the owner of same, and that defendant failed to satisfy said mortgage for 30 days· after the making of said demand, said mortgage being executed on September 27, 1912, and recorded in the probate office in 'Mortgage Record 53, at page 436. Plaintiff further avers that the said defendant did enter upon said mortgage record the following, 'Satisfied this 27th day of April, 1926, J. L. Cannon,' but the defendant failed to have such entry of satisfaction witnessed by the judge of probate, or his clerk, in his official capacity, as is required by section 9023 of the Code of 1923 of the state of Alabama."

These grounds of demurrer were interposed to this count:

"(1) The facts averred do not, as a matter of law, constitute a cause of action against the defendant in favor of the plaintiff.

"(2) For that said count shows upon its face that the defendant satisfied said mortgage on the record as requested.

"(3) No facts are averred showing any duty upon the defendant to have said entry of satisfaction witnessed by the judge of probate, or his clerk, in his official capacity."

A. E. Hawkins, of Ft. Payne, for appellant.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 2 was not subject to demurrer. Code 1923, § .9023; Felt v. Covington, 134 Miss. 466, 99 So. 1; 41 C. J. 967.

Wolfes & Crawford, of Ft. Payne, for appellee.

The statute is penal, and must be strictly construed. The statute does not prescribe a penalty for failure to make entry and have same witnessed. Code 1923, §§ 9023, 9024; Southwestern B. & L. Asso. v. Rowe, 125 Ala. 491, 28 So. 484.

SAYRE, J. The report of the case shows count 2 of appellant's complaint. The trial court sustained appellee's demurrer to this count, and this ruling is assigned for error.

[1] The count in question proceeded upon the theory that appellee's satisfaction of the mortgage, entered upon the mortgage record, was not a compliance with the statute (section 9023 of the Code) for that said entry of satisfaction was not witnessed by the judge of probate, or his clerk, as required by the section, and hence that appellee was answerable under section 9024. We think the count stated a cause of action.

[2] The statute (section 9023) provides for an entry of payment or satisfaction on the margin of the record of the mortgage, and that "such entry must be witnessed by the judge of probate, or his clerk, who, in his official capacity, must attest said satisfaction," and provides, further, for the entry of satisfaction by an attorney in fact; but the last-stated provision is not drawn into question in this case. The requirement of attestation by the judge of probate, or his clerk, was designed, of course, to prevent unauthorized or fraudulent cancellations, and because, without such attestation, subsequent purchasers and incumbrancers are not affected by the notice of payment or satisfaction, the statute intends to provide to the end that the owner, after he has paid or satisfied his debt, may be free to deal with his property as unincumbered. The entry of satisfaction alleged in count 2 was not a compliance with the statute, and defendant, on proof of the allegation, was liable as provided by section 9024 of the Code. We so hold upon the reason of the matter, and because in Felt v. Covington, 134 Miss. 466, 99 So. 1, and Mueller v. Renkes, 31 Mont. 100, 77 P. 512, such was held to be the proper construction of statutes very like that here in question. The Mississippi statute is quoted in the cited case; the Montana statute is found in section 3845 of the Montana Civ. Code of 1895.

Nor do we think a different result can be reached on the theory that section 9024, providing the penalty for which appellant sued, is broader than section 9023, providing the entry of payment or satisfaction on the margin of the record—this for the reason that,

while the last-mentioned section makes no express reference to the matter of attestation, it does provide the penalty in case the mortgagee, assignee, etc., "fails to make such entry," meaning, as we apprehend, an entry attested as prescribed in the preceding section, nor does any rule of strictness in the interpretation of penalties lead to a contrary conclusion. To give the statute the meaning and effect contended for would virtually ignore the plain meaning of the terms employed and, in part at least, destroy the efficacy of the remedy therein provided.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.